UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JUSTEN WILLIAM DeFRANG,

    Plaintiff,

v.

JOHN DOE MEYER, *et al.*,

    Defendants.

Case No. C09-5757BHS/JRC

REPORT AND RECOMMENDATION

**NOTED FOR**:
June 4, 2010

This Civil Rights Action filed pursuant to 42 U.S.C. § 1983 has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §§ 636(b)(1)(A) and 636(b)(1)(B) and Local Magistrates' Rules MJR 1, MJR 3, and MJR 4.

Before the court is defendant's Motion to Dismiss (Dkt. # 14). Plaintiff moved for an extension to time to respond, (Dkt # 15). The motion for an extension of time was denied, however, plaintiff was given two weeks to file a response (Dkt. # 18). No responsive pleading was filed.

Local Rule 7 in pertinent part states that failure to file a responsive pleading may be taken as an admission that the motion has merit.

REPORT AND RECOMMENDATION- 1

## FACTS

Plaintiff alleges that when he was transferred from The Washington State Penitentiary to the Clallam Bay Corrections Center, numerous pieces of personal property were lost due to Officer Meyers' "gross negligence." The items lost include dentures, legal work, a Christmas package, pictures, and a family Bible (Dkt. # 5).

Defendant moves to dismiss in part because the unauthorized depravation of personal property does not state a claim if the state provides an adequate post-depravation remedy (Dkt. # 14).

## STANDARD OF REVIEW

Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) provides that a court should dismiss a claim under Fed. R. Civ. P. 12(b)(6) either because of the lack of a cognizable legal theory or because of the absence of sufficient facts alleged under a cognizable legal theory. Balistreri v. Pacifica Police Department, 901 F.2d 696, 699 (9th Cir. 1990).

For purposes of ruling on this motion, material allegations in the complaint are taken as admitted and the complaint is construed in the plaintiff's favor. Keniston v. Roberts, 717 F.2d 1295 (9th Cir. 1983). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1964-65 (2007)(internal citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Id. at 1965. Plaintiffs must allege "enough facts to state a claim to relief that is plausible on its face." Id. at 1974.

REPORT AND RECOMMENDATION- 2

## DISCUSSION

Assuming plaintiff's allegation to be true, this is a classic case of an unauthorized taking or loss of personal property. Under this set of facts, the State of Washington allows for a tort action against the state by following the steps in RCW 4.92 et seq. When a state provides an adequate post deprivation remedy for an unauthorized taking of property there is no cause of action pursuant to 42 U.S.C. §1983. Hudson v. Palmer, 468 U.S. 517 (1984). Defendants are entitled to dismissal for failure to state a claim. As plaintiff is an inmate this dismissal counts as a strike pursuant to 28 U.S.C. §1915 (g).

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed.R.Civ.P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on June 4, 2010, as noted in the caption.

Dated this 10th day of May, 2010.

_____
J. Richard Creatura
United States Magistrate Judge

REPORT AND RECOMMENDATION- 3